IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 2, 2007

Charles R. Fulbruge III
Clerk

No. 07-10360
Summary Calendar

MAUREEN MAURER

Plaintiff-Appellant

V.

AMERICAN AIRLINES

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:05-CV-792

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Maureen Maurer appeals the district court's grant of summary judgment in favor of American Airlines. Maurer sued American alleging claims of gender and age discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17, and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634, respectively. Reviewing Maurer's claims de novo, we affirm. See Manning v. Chevron Chem. Co., 332 F.3d 874, 877 (5th Cir. 2003).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Maurer, a Senior Analyst-International Security, applied for a job posted on American's Career Opportunity System (COS) for the position of Manager International Regulatory Compliance, which was posted in February 2004. Maurer and several other applicants were interviewed and given rating scores by a four-member panel, including David Vance, who had taken over the hiring responsibility in April 2004 after the initial job posting. In May 2004 Maurer received the second highest overall score after the interviews, but Vance offered the position to a younger male, Frank Van Zanden, who had received the highest overall score. Van Zanden ultimately withdrew his name from consideration, and American re-posted the job on its COS in June 2004 under the new title of Manager ISP & Compliance. Maurer reapplied for the job, and Vance followed the same process for evaluating the candidates. Maurer again received the second highest score after the interview process. In August 2004 Vance offered the position to James Wilson, a younger male who had scored the highest. Maurer filed suit against American contending that she had been improperly passed over for promotion based on her gender and age.

Maurer's gender and age discrimination claims are analyzed under the familiar burden-shifting test established by McDonnell Douglas v. Green, 411 U.S. 792, 802–04, 93 S. Ct. 1817, 1824–25 (1973). See Willis v. Coca Cola Enter., Inc., 445 F.3d 413, 420 (5th Cir. 2006); Machinchick v. PB Power, Inc., 398 F.3d 345, 350 (5th Cir. 2005). Under this analysis the plaintiff must present a prima facie case of discrimination, which then shifts the burden to the defendant "to articulate a legitimate, non-discriminatory reason for the adverse employment action." Willis, 445 F.3d at 420. Once the defendant comes forth with a legitimate explanation for its action, the burden shifts back to the plaintiff to raise a genuine issue of material fact that the non-discriminatory reason is merely pretextual. Id.

American concedes that Maurer has made a prima facie case, and Maurer concedes that American has put forth a legitimate, non-discriminatory reason for not promoting her. Therefore, we are concerned only with the issue whether Maurer has shown that a genuine issue of material fact exists that the stated reason is pretextual. The plaintiff may demonstrate pretext "by showing that the employer's proffered explanation is unworthy of belief." Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 143, 120 S. Ct. 2097, 2106 (2000). Further, in a failure to promote case, "a showing that the unsuccessful employee was clearly better qualified is enough to prove that the employer's proffered reasons are pretextual." Price v. Federal Express Corp., 283 F.3d 715, 723 (5th Cir. 2002). In such a case, "the losing candidate's qualifications must leap from the record and cry out to all who would listen that he was vastly—or even clearly—more qualified for the subject job." Id. (internal quotation and citation omitted).

American's stated reason for not promoting Maurer was that she was not the most qualified applicant because she lacked proven managerial experience and the ability to bring a different perspective and new ideas to the position from operational experience. Maurer argues that the purported reason for promoting others ahead of her is unworthy of belief and therefore pretextual because it was made up after the fact to justify American's discriminatory conduct. In support of her argument, she contends that the two COS job postings did not expressly require managerial experience and new ideas as prerequisites; that these qualifications were not graded by the interviewing panel; that Vance never discussed with her these qualifications or her lack thereof; and that Vance gave her and Van Zanden the same overall score. She also argues that she had substantially more years on the job in the security department. She essentially argues that American should not have re-posted the position after Van Zanden withdrew and that American's purported reasons for the re-posting should not

be believed in light of the above arguments and the fact that Vance made minimal changes to the job description. Maurer further contends that the district court applied the wrong standard when evaluating her claims.

We conclude that Maurer has failed to show a genuine issue of material fact concerning pretext. The record shows that the COS job postings stated that extensive operational experience as a manager, or some other specific alternative, was preferred. It is undisputed that Maurer lacked this experience. Further, both Van Zanden and Wilson possessed this qualification. A member of the interview panel, Pamela Jo Yourek, also testified that Vance informed the panel before the interviews that he desired the applicant to have management experience and the ability to bring different ideas to the position. Although Vance scored Maurer and Van Zanden the same overall, Vance's scoring sheet specifically noted Van Zanden's operational experience and scored Van Zanden higher than Maurer in the category of leadership, which the job posting associated with managing offsite team members. Vance also created an outline of all the candidates' strengths and weaknesses in which he noted that although Maurer had the most experience in terms of years, she lacked supervisory experience and had a questionable ability to manage people and to "think outside the box." The above evidence severely undermines Maurer's assertion that Vance's reasons were made up after the fact.

Maurer argues that Vance's stated reasons for not promoting her must be pretextual because Van Zanden was not clearly better qualified in light of the fact that Van Zanden was being investigated internally for embezzlement, which ultimately prompted him to withdraw his name from consideration. In other words, Maurer argues that she was better qualified than Van Zanden because Van Zanden was under investigation. There is no evidence, however, that Vance knew about the internal investigation at the time he offered Van Zanden the position, and the record indicates that Van Zanden otherwise possessed the

requisite experience for the job. Vance's denial of such knowledge is supported by testimony from one of American's internal security personnel showing that the investigation of Van Zanden was dormant until Van Zanden was offered the position. With respect to Wilson, Maurer adopts her earlier arguments made with respect to Van Zanden.

Maurer has not shown that she was "clearly better qualified" than either Van Zanden or Wilson at the time Vance offered them the position. See Price, 283 F.3d at 723. Further, Maurer fails to show that Vance's decision to re-post the position after Van Zanden withdrew was pretextual or even unreasonable given that Vance was the new hiring manager and Maurer lacked the desired managerial and operations experience. We cannot fault American for exploring the potential for additional candidates after the position was not filled from the initial group of applicants. Cf. Odom v. Frank, 3 F.3d 839, 847 (5th Cir. 1993) (noting that "judges should be reluctant to substitute our views for those of the individuals charged with the evaluation duty by virtue of their own years of experience and expertise in the field in question").

We conclude that Maurer has failed to show a genuine issue of material fact as to whether American's stated reasons for the employment action were unworthy of belief or that she was clearly the better qualified candidate. See Willis, 445 F.3d at 420; Price, 283 F.3d at 723. Accordingly, the district court's judgment is AFFIRMED.